# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JAMES A. LISO,

        Petitioner,   :   Case No. 1:14-cv-834

- vs -          District Judge Michael R. Barrett
         Magistrate Judge Michael R. Merz

WARDEN, Richland Correctional
Institution,

         : 

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for decision on the merits. Liso has filed a Petition (ECF No. 1) and a Traverse (ECF No. 18); Respondent has filed an Answer/Return of Writ (ECF No. 12) and the State Court Record (ECF No. 11)

Liso pleads the following grounds for relief:

> **GROUND ONE**: Violation of federal and state constitutional rights to due process when it denied the motion to suppress.
>
> **Supporting Facts**: The confession of Mr. Liso should have been suppressed as involuntary when Mr. Liso denied wrong-doing until the time the officer promised Mr. Liso that if he confessed to the charge, but explained he did not use force on the victim, he would not be charged with a first degree felony.
>
> **GROUND TWO**: Violation of federal and state constitutional rights to due process and a fair trial when receiving ineffective assistance of counsel.
>
> **Supporting Facts**: Counsel was ineffective for failing to properly prepare for and argue at the suppression hearing and when he failed to notify the State that he intended to call a necessary witness at trial and was thus prevented from presenting that

1

>witness. Counsel was ineffective for providing erroneous advice in regards to Mr. Liso's true sentencing exposure when proceeding to a jury trial. Counsel was ineffective when advising Mr. Liso not to speak in open court and stopping Mr. Liso when he attempted to speak. Counsel was ineffective by choosing not to address the sentencing and re-sentencing errors. Counsel was ineffective by not addressing obvious juror misconduct. Counsel was ineffective when providing false information regarding the requested polygraph. Counsel was ineffective for failing to subpoena the most crucial witness. Counsel was ineffective when providing false sentencing exposure causing enticement to trial. Counsel was ineffective for failing to address that evidence was insufficient as a matter of law and/or goes against the manifest weight of the evidence. Counsel was ineffective for failing to address the jury should have been given instructions for inclusion of a lesser included charge. Counsel was ineffective for failing to address prosecutor misconduct. Counsel was ineffective for failing to recognize and address jurisdictional issues at both trial court and appellate court.

(Petition, ECF No.1, PageID 1).

**Procedural and Factual History**

Liso was indicted by the Brown County Grand Jury in 2011 on two counts of Rape in violation of Ohio Revised Code § 2907.02(A)(1)(b), a felony of the first degree. (State Court Record, ECF No. 11, PageID 43.)

Prior to trial Liso filed a motion to suppress his confession and all evidence obtained from the search and seizure conducted on his residence. *Id*. at PageID 47. This Motion was denied. *Id*. at PageID 49. In addition, the State filed a motion *in limine* to prohibit any evidence of the existence of and/or any reference to a polygraph directly or indirectly, which was granted. *Id*. at PageID 55. At trial the jury found Liso guilty of rape under count one and not guilty of rape under count two. Id. at PageID 56. On August 21, 2012, the court sentenced Liso to serve a sentence of ten years. Thereafter, pursuant to a sentence clarification request from the Ohio Department of Rehabilitation and Correction, the trial court resentenced Liso to ten years to life.

*Id*. at PageID 63.

Liso appealed to the Court of Appeals of Ohio, Twelfth Appellate District, Brown County, raising the following assignments of error:

> 1. The trial court erred to the prejudice of defendant-appellant, in violation of federal and state constitutional rights to due process, when it denied his motion to suppress.
>
> 2. Defendant-Appellant's federal and state constitutional rights to due process and a fair trial were violated when he received ineffective assistance of counsel.
>
> 3. The trial court violated defendant-appellant's federal and state constitutional right to due process when it re-sentenced defendant-appellant after the sentence had been executed.

(State Court Record, ECF No. 11, PageID 70.)

The Twelfth District set forth the facts of this case on direct appeal as follows:

> **[\*P2]** C.M. and B.M. are siblings who lived near Liso. The children would pass through Liso's property in order to reach a creek where they played. B.M., who was then nine years old, told his babysitter that Liso had forced him to perform oral sex by putting Liso's penis in B.M.'s mouth until he ejaculated. C.M., who was then ten years old, also told the babysitter that Liso had forced her to touch his exposed penis and also forced her to perform oral sex by putting his penis in her mouth until he ejaculated.
>
> **[\*P3]** Detectives Donnie Wagner and Rick Haney of the Brown County Sheriff's Office began to investigate the children's allegations. Detective Haney had the children's mother perform a controlled phone call, during which the children's mother confronted Liso about the allegations. Liso denied having any sexual contact with the children. The detectives later contacted Liso, and he came into the police station and was interviewed by Detective Haney, during which time, Liso denied the allegations. Liso left the police station after the interview and was not placed in custody. Liso asked the detectives if he could take a polygraph test to prove his innocence, and drove himself to the police station a second time in order to have the polygraph administered. During the pre-polygraph interview, Detective Wagner explained Liso's rights and told Liso that he was free to leave at any time. Liso signed a waiver of his *Miranda* rights, and continued with the

interview. Detective Wagner offered Liso a telephone so that he could contact an attorney, though Liso chose not to. Liso exited the interview at one point to use the restroom and then returned to the interview room later.

[*P4] During the pre-polygraph interview, Detective Wagner and Liso began to discuss the possibility of charging Liso with less than a first-degree felony if the sexual contact was not facilitated by force. Liso then admitted to having oral sex with C.M. Liso stated that C.M. was "flirtatious," and that while he ejaculated into her mouth, the oral sex "wasn't satisfactory." Detective Haney then joined Detective Wagner and Liso in the interview room, and Liso reiterated that he had sexual contact with C.M.

[*P5] Liso was charged with two counts of rape, and he pled not guilty. Liso filed a motion to suppress the statement he made regarding having sexual contact with C.M. The trial court held a hearing, and denied the motion, finding that Liso's statement was admissible because Liso had been advised of and had waived his *Miranda* rights. The matter then proceeded to a two-day jury trial, where Liso took the stand in his own defense and denied having any sexual contact with the children. Liso testified that he only confessed to having sexual contact with C.M. because he felt pressured to do so. The jury found Liso not guilty of raping B.M., but found him guilty of raping C.M. The trial court sentenced Liso to ten years in prison, but later resentenced him to ten years to life when the Ohio Department of Rehabilitation and Correction asked the trial court to clarify its sentence.

*State v. Liso*, 2013-Ohio-4759 (Ohio Ct. App., Brown County Oct. 28, 2013)

Following the briefing on the appeal, the court of appeals affirmed in part, reversed in part and remanded for resentencing as the trial court lacked jurisdiction to resentence Liso after Liso had filed his appeal. (State Court Record, ECF No. 11, PageID 115.)

On December 13, 2013, Liso, *pro se,* filed an appeal to the Ohio Supreme Court which declined to accept jurisdiction. *State v Liso,* 138 Ohio St. 3d 1435 (2014).

On November 7, 2013, Liso was resentenced in the trial court to serve an indefinite sentence

4

of a minimum of ten years to life. (State Court Record, ECF No. 11, PageID 158.)

Liso, both through counsel and *pro se*, filed appeals to the Court of Appeals of Ohio, Twelfth Appellate District, Brown County. The court of appeals consolidated the appeals and affirmed the judgment of the trial court on August 18, 2014. *State v Liso*, 2014-Ohio-3549 (Ohio Ct. App., Brown County Aug. 18, 2014).

Liso then filed a motion for delayed appeal to the Ohio Supreme Court on February 9, 2015. On March 25, 2015, the Ohio Supreme Court denied Liso's motion. *State v. Liso*, 142 Ohio St. 3d 1408 (Ohio 2015).

On January 17, 2014, Petitioner filed a *pro se* notice that he was forced to file a motion for delayed appeal and on July 31, 2014, he filed said application for reopening appeal under Ohio App. R. 26(B). (State Court Record, ECF No. 11, PageID No. 219.) On October 14, 2014, the Ohio court of appeals denied the application to reopen as untimely. *Id*. at PageID 280-82. Liso took no appeal to the Ohio Supreme Court.

# Analysis

**Ground One: Conviction Based On an Involuntary Confession**

In his First Ground for Relief, Liso asserts he was convicted in part on the basis of an involuntary confession. This claim was raised as the first assignment of error on direct appeal and decided by the Twelfth District as follows:

> [*P6] Assignment of Error No.1:
>
> [*P7] THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT, IN VIOLATION OF FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO DUE

5

PROCESS, WHEN IT DENIED HIS MOTION TO SUPPRESS.

**[\*P8]** Liso argues in his first assignment of error that the trial court erred in denying his motion to suppress because his confession was coerced by Detective Wagner's statement that if Liso did not use force during the sexual contact, he would not be charged with a first-degree felony.

**[\*P9]** Appellate review of a ruling on a motion to suppress presents a mixed question of law and fact. *State v. Cochran,* 12th Dist. Preble No. CA2006-10-023, 2007-Ohio-3353. Acting as the trier of fact, the trial court is in the best position to resolve factual questions and evaluate witness credibility. *Id.* Therefore, when reviewing the denial of a motion to suppress, a reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Oatis,* 12th Dist. Butler No. CA2005-03-074, 2005-Ohio-6038. "An appellate court, however, independently reviews the trial court's legal conclusions based on those facts and determines, without deference to the trial court's decision, whether as a matter of law, the facts satisfy the appropriate legal standard." *Cochran* at ¶ 12.

**[\*P10]** As an initial matter, we note that Liso was afforded his *Miranda* rights in detail, and waived those rights. Within Liso's motion to suppress before the trial court, he argued that his *Miranda* rights were violated because such rights were not re-administered to him throughout the interview and immediately before he admitted the sexual contact with CM. However, Liso did not expressly challenge the fact that Detective Wagner discussed what possible charges would result from the contact. On appeal, Liso does not challenge the validity of his *Miranda* waiver, and instead argues that his confession was not given voluntarily because of Detective Wagner's coercive tactics. Thus, our review of the record focuses solely on the voluntariness of Liso's confession, rather than his waiver of *Miranda* rights. [FN 1 Within Liso's second assignment of error, he claims that his trial counsel was ineffective for failing to argue that his statement was involuntarily given. Normally, when an appellant fails to raise an issue in the motion to suppress, he has waived that issue on appeal and this court will conduct a plain error analysis. *State v. Franklin*, 12th Dist. Butler No. CA2001-04-074, 2002-Ohio-3876. However, to aid in our discussion of Liso's second assignment of error, we will address whether Liso's statement was voluntarily given in order to establish whether Liso's trial counsel was ineffective for failing to make a Due Process argument.]

6

[*P11]  "A statement is voluntary if it is 'the product of an essentially free and unconstrained choice by its maker.'" *State v. Wiles,* 59 Ohio St.3d 71, 81, 571 N.E.2d 97 (1991), quoting *Culombe v. Connecticut*, 367 U.S. 568, 602, 81 S.Ct. 1860, 6 L. Ed. 2d 1037 (1961). Conversely, a confession is involuntary if it is the product of "coercive police activity." *State v. Bird,* 12th Dist. Butler No. CA2002-05-106, 2003-Ohio-2541, ¶ 38; *State v. Loza,* 71 Ohio St.3d 61, 66, 1994 Ohio 409, 641 N.E.2d 1082 (1994), quoting *Colorado v. Connelly*, 479 U.S. 157, 167, 107 S.Ct. 515, 93 L. Ed. 2d 473 (1986). When determining whether a confession is voluntarily given, a court should consider "the totality of the circumstances, including the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement." *State v. Gray*, 12th Dist. Butler No. CA2011-09-176, 2012-Ohio-4769, ¶ 15, citing *Bird,* 2003-Ohio-2541 at ¶ 39.

[*P12]  We have reviewed the recording of Liso's pre-polygraph interview, including the statements, gestures, and demeanor of Liso and Detective Wagner, and find that several circumstances weigh heavily in favor of finding that Liso's confession was voluntary.

[*P13]  The record is undisputed that Liso went to the police station voluntarily and was there upon his own request to take a polygraph test. Liso had been interviewed once before, yet voluntarily returned to the police station for the second interview. There was no evidence of physical abuse or deprivation during the second interview, and Detective Wagner even offered Liso a phone to call an attorney if he so chose. Detective Wagner did not make any threats against Liso, and Liso had ample freedom of movement, as he left the interview at one point to use the restroom and then came back to the interview room of his own accord. There is no indication in the record that Liso lacked the cognitive ability to completely understand the nature of the circumstances or the significance of his talking to Detective Wagner, and the entire interview was less than two hours long.

[*P14]  Liso argues that despite the factors that weigh heavily in favor of voluntariness, his statement was coerced because

7

Detective Wagner lied to him and told him that "I'm not gonna tell you that there may not be felony charges, I'm gonna tell you that you're not gonna be looking at a felony one, that's for damn sure."

 [*P15]  While police deception is "a factor bearing on voluntariness * * * this factor, standing alone, is not dispositive of the issue." *State v. Lynch*, 98 Ohio St.3d 514, 2003-Ohio-2284, ¶ 61, 787 N.E.2d 1185. Detective Wagner engaged in a discussion with Liso about the difference between criminal charges when force is used, and when force is not used. Although it is true that Detective Wagner made reference to Liso not being charged with a first-degree felony, several minutes passed between the time of Detective Wagner's statement and Liso's confession. At no time during the interview did Detective Wagner promise Liso that he would not be charged with a serious crime or would not be subject to long-term imprisonment.

 [*P16]  Moreover, the two men discussed other issues as if mitigating Liso's conduct that may have facilitated Liso's confession; such as Liso being tired on the day of the incident, drinking alcohol before it occurred, and how "cute" CM. was. The men also discussed that in the past, women were married at much younger ages, and Detective Wagner stated that he would not judge Liso for becoming sexually enticed by the child. Liso also stated that he was sorry for the incident, and that he wanted to tell his side of the story. We find Liso's suggestion that he falsely confessed to having sex with a ten-year-old child to avoid a first-degree felony unpersuasive, especially where the record does not reveal that Liso had any knowledge as to the exact punishments involved for different felonies. Liso's free will was not overborn by Detective Wagner's statement such that he would falsely confess to having sex with a ten-year-old child. [FN 2   Liso relies upon *State v. Shelley*, 12th Dist. Clermont No. CA88-04-032, 1988 Ohio App. LEXIS 5005, 1998 WL 135252 (Dec. 19, 1988), to support his position that his statement was coerced. However, the facts and circumstances in *Shelley* are nowhere analogous to the case sub judice in that Shelley only confessed after police threatened to arrest his wife and warned  Shelley of the negative consequences such arrest would have on his children.]

 [*P17]  All of the issues raised during the interview may have led Liso to confess his crime. However, Detective Wagner's statement regarding what charges would be brought was not so coercive as to render Liso's statement involuntary when compared to all the other factors that weigh heavily in favor of finding Liso's statement voluntarily given.

8

> **[*P18]** After reviewing the record, Liso's statement was voluntarily made and the state's use of his confession was not a deprivation of his Due Process rights. As such, Liso's first assignment of error is overruled.

*State v. Liso*, 2013-Ohio-4759, 2013 Ohio App. LEXIS 4966 (12th Dist. Oct. 28, 2013).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Liso argues that the Twelfth District's decision is an objectively unreasonable application of *Rogers v. Richmond*, 365 U.S. 534 (1961). In that case, Justice Frankfurter wrote for the majority:

> [W]e cannot but conclude that the question whether Rogers' confessions were admissible into evidence was answered by reference to a legal standard which took into account the circumstance of probable truth or falsity. [footnote omitted.] And this is not a permissible standard under the Due Process Clause of the Fourteenth Amendment. The attention of the trial judge should have been focused, for purposes of the Federal Constitution, on the question whether the behavior of the State's law enforcement officials was such as to overbear petitioner's will to resist and bring about confessions not freely self-determined -- a question to be answered with complete disregard of whether or not petitioner in fact spoke the truth. The employment instead, by the trial judge and the Supreme Court of Errors, of a standard infected by the inclusion of references to probable reliability resulted in a constitutionally invalid conviction, pursuant to which Rogers is now detained "in violation of the Constitution.

*Id.* at 543-44.

In *Rogers*, the Supreme Court held that, in determining whether a confession is voluntary

or not, the trial judge should disregard the probable truth of the confession itself.  In other words, it is improper to find that a confession is voluntary just because the judge also believes it is true.  That is not what the Twelfth District did.  Instead, it found Liso's statement that he lied when he made the confession unpersuasive.  In other words, it was not evaluating the truth of the confession, but Liso's statement that he lied when he made the confession and that he did so to avoid more serious charges to be unpersuasive.  Obviously the state courts have to consider the truth or falsity of testimony given at a suppression hearing, which is what the Twelfth District did in this instance.

Next Liso relies on *Withrow v. Williams*, 507 U.S. 680 (1993).  He claims the Twelfth District unreasonably applied *Withrow* because it omitted any *Miranda* analysis. (Reply, ECF No. 18, PageID 892, et seq.)  It is, however, not the Twelfth District, but Liso, who elided the *Miranda* issue. As the Twelfth District held, (*State v. Liso, supra,* ¶ 10), although Liso had made a *Miranda* challenge in the trial court, he did not challenge the validity of his *Miranda* waiver on appeal.

Liso then claims the state courts' decisions are based on an unreasonable determination of the facts in light of the evidence presented, in violation of 28 U.S.C. § 2254(d)(2).(Reply, ECF No. 18, PageID 896, et seq.)

First, he says, the police activity was objectively coercive in that he was promised he would not be charged with a first-degree felony and that promise was broken.  The Twelfth District was able to view a video recording of the pre-polygraph interview during which time the confession was made.  The court directly quoted Detective Wagner's statement:  "I'm not gonna tell you that there may not be felony charges, I'm gonna tell you that you're not gonna be looking as a felony one, that's for damn sure." *State v. Liso, supra,* ¶ 14.  Liso does not dispute

10

that that is an accurate quotation. The court implicitly held that was deceptive, but held police deception, standing alone, was not dispositive. *Id.* at ¶ 15. Liso points to no Supreme Court precedent holding that police deception alone renders a confession involuntary.

The Twelfth District considered the police deception along with other facts relevant under *Withrow*: Liso came to the station voluntarily, there was no evidence of physical abuse or deprivation, Liso was not under arrest and was given a restroom break and the chance to call an attorney if he wanted. *Id.* at ¶ 13. The entire interrogation lasted only a little over two hours.

The issue before this Court is not whether, if we were considering the question de novo, we would find the confession voluntary. Rather the issue is whether the determination of voluntariness is so unreasonable that it could not have been made by any reasonable jurist. It is not and Liso's First Ground for Relief should therefore be dismissed with prejudice.

**Ground Two: Ineffective Assistance of Trial Counsel**

In his Second Ground for Relief Liso claims he received ineffective assistance of trial counsel in many different ways. However, the only claim he argues is that his trial attorney incorrectly advised him that the maximum penalty for each of the offenses with which he was charged was ten years imprisonment. (Reply, ECF No. 18, PageID 922, et seq.)

On Liso's first appeal, he raised as an assignment of error that the trial court had re-sentenced him from a flat ten-year sentence to ten years to life. The Twelfth District wrote:

> **[\*P32]** Assignment of Error No. 3:
>
> **[\*P33]** THE TRIAL COURT VIOLATED DEFENDANT-APPELLANT'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO DUE PROCESS WHEN IT RE-SENTENCED

11

DEFENDANT-APPELLANT AFTER THE SENTENCE HAD BEEN EXECUTED.

[*P34] Liso argues in his final assignment of error that the trial court erred by resentencing him to ten years to life after having pronounced a ten-year sentence.

[*P35] As previously stated, the trial court sentenced Liso to a flat ten-year sentence. On September 5, 2012, the Ohio Department of Rehabilitation and Correction sent a letter to the trial court asking that the court clarify Liso's sentence because a ten-year sentence was not permitted by statute. The letter indicated that the statute required the inclusion of a possible life sentence as punishment for the rape of a child under 13 years old. The trial court held a resentencing hearing, and resentenced Liso to ten years to life, after confirming that Liso's notice of appeal had already been filed.

[*P36] On appeal, Liso argues that the trial court erred in resentencing him because a trial court cannot resentence a defendant after having imposed a sentence. The state responded to Liso's argument, and asserted that the trial court had the ability to resentence Liso, but that the trial court's resentencing was improper because Ohio's sentencing statute now requires a minimum sentence of 25 years to life for the rape of a child less than 13 years old.

[*P37] Regardless of the parties' arguments as to what the sentence should be, the trial court lacked jurisdiction to resentence Liso while his appeal was pending. "An appeal is perfected upon the filing of a written notice of appeal. Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from." (Internal citations omitted.) *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, ¶ 9, 829 N.E.2d 1207.

[*P38] The record indicates that Liso was sentenced on August 23, 2012 and filed his notice of appeal on August 31, 2012. At that point, the trial court was divested of its jurisdiction to resentence Liso to a term of ten years to life because doing so inhibited our ability to affirm, reverse, or modify the trial court's judgment. As such, we reverse and vacate the trial court's resentence of Liso.

[*P39] Once a trial court has executed a sentence, the trial court

>   cannot modify that sentence unless the sentencing order was void or to correct a clerical mistake. *State v. Garretson,* 140 Ohio App.3d 554, 558, 748 N.E.2d 560 (12th Dist.2000). "A sentence is rendered void when there is an attempt by the court 'to disregard statutory requirements when imposing a sentence.'" *Id.*, quoting *State v. Beasley*, 14 Ohio St.3d 74, 75, 14 Ohio B. 511, 471 N.E.2d 774 (1984). Liso's ten-year sentence was void because the trial court disregarded statutory requirements when imposing the sentence because the statues do not permit a flat ten-year sentence for the rape of a child under 13 years of age. *See* R.C. 2907.02(B). As such, the trial court has the ability to modify the sentence.
>
>   [*P40] This court takes no position on what sentence should be imposed, as the trial court's duty is to impose a proper sentence that is consistent with Ohio's sentencing statutes. Therefore, upon remand, the trial court shall resentence Liso according to law.

*State v. Liso*, 2013-Ohio-4759, 2013 Ohio App. LEXIS 4966 (12th Dist. Oct. 28, 2013).

The Warden claims that Ground Two is procedurally defaulted because it was not presented to the Twelfth District on direct appeal. (Return, ECF No. 12, PageID 817).[1]

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

>   In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to

---

[1] Although Liso did present an ineffective assistance of trial counsel claim on direct appeal as assignment of error 2, it was not this claim, but two others.

federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138; accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Liso argues this claim is before this Court "by reason of the sentencing transcripts as part

14

of the record herein and not as part of Petitioner's O. App. R. 26(B) appeal" and also because it is "plain error." (Reply, ECF No. 18-1, PageID 924, 931.) But including the sentencing transcripts, claimed as evidence of the error by trial counsel, does not bring an issue before a habeas court if the same issue has not been fairly presented to the state courts. This claim was available on the trial court record and not raised on direct appeal. This court does not have jurisdiction to review trial court decision *de novo* for plain error. The claim is therefore procedurally defaulted and must be dismissed.

Liso argues in the alternative that failure to raise the claim on direct appeal is excused by the ineffective assistance of appellate counsel he received. Before ineffective assistance of counsel can be used to excuse a procedural default, a habeas petitioner must present that claim to the state courts. The ineffective assistance claim cannot be presented as cause if it was procedurally defaulted in the state courts, unless one of the standard excuses for that procedural default exists, to wit, actual innocence or cause and prejudice. *Edwards v. Carpenter*, 529 U.S. 446 (2000).

The procedure for raising a claim of ineffective assistance of appellate counsel in Ohio is by filing an application for reopening the direct appeal under Ohio R. App. P. 26(B). Liso filed such an application, but the Twelfth District declined to consider it on the merits because it was filed about six months after the deadline for doing so. (Entry, State Court Record, ECF No. 11, PageID 280.)

Liso had attempted to excuse the late filing by saying he was unable to obtain transcripts, but the Twelfth District found that did not constitute good cause. *Id.* Liso now claims that it was his mental deficiencies which caused the delay, referencing his Motion for Extension of Time to File the Reply (ECF No. 8). The statements in the Motion are purely conclusory; no clinical

15

proof is offered. Moreover, that claim was never presented to the Twelfth District and this Court is not empowered to reconsider, on the basis of evidence not present to that court, whether or not it was in error in not finding good cause for the six-month delay.

Finally, Liso attempts to excuse his procedural default by arguing it would be a miscarriage of justice not to hear the claim. Although the language "miscarriage of justice" seems to imply a broader reach, the excuse for procedural default is reserved for cases where the petitioner can present new evidence of actual innocence that satisfies the standard of *Schlup v. Delo*, 513 U.S. 298, 316 (1995). *Dretke v. Haley*, 541 U.S. 386, 393 (2004); *Calderon v. Thompson,* 523 U.S. 538 (1998).

The Court finds the Warden's procedural default defense to Ground Two is well-taken.

Although Liso pleads many additional sub-claims of ineffective assistance of trial counsel, this one is the only one he argues. In the absence of any argument, the Court deems the remaining sub-claims abandoned.

**Conclusion**

In accordance with the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 8, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).